J. L. STOREY, ADM'R, v. J. W. FLANAGAN.

(Case No. 1332.)

1. PRESUMPTION OF POWER — ANCIENT INSTRUMENT.— A notarial act dated in October, 1835, was offered in evidence in 1881, which on its face purported to be the deed for a league of land of one Frost Thorn, as substitute attorney for Franklin and E. M. Fuller, who, it recited, were the attorneys of Russell Williamson, the original grantee. No power from Williamson to the Fullers, or from them to Thorn, was produced, but the deed recited that Frost Thorn appeared and that he was known to the judge of the first instance before whom the instrument was executed. It described him as "substitute attorney of citizen Russell Williamson, . . . as appears from a judicial power executed this day by citizens Franklin and E. M. Fuller, attorneys of said Russell Williamson, which power exists in

this my court." The original survey and grant both bore date the day before the date of the deed offered in evidence, and the vendee therein made and reported the original survey. In a suit between a defendant who had been in possession since 1860 holding under that deed, and one claiming under a deed direct from Russell Williamson, dated in August, 1838, and recorded in 1841, but which was attacked (with conflicting evidence) as a forged instrument, *held* —

(1) The recitations of the deed as to the original power, and of authority under it to substitute, and that a substitute attorney was made, were, in connection with the facts as recited above, sufficient to sustain a verdict finding authority in Thorn to make the deed.

2. EVIDENCE.— A certified copy of the notarial act of a judge of the first instance, made in December, 1835, which was certified to by the county clerk as being a copy of the original which was on file in his office, and which was an archive thereof, is admissible in evidence without proof of the execution of the original.

3. PRACTICE — FORGERY — STATUTE CONSTRUED.— Under art. 2257, R. S., a party to a suit may, by filing three days before the trial the affidavit of one who is a stranger to the record, that he believes an instrument which has been, or which may be recorded, to be a forgery, compel proof of its execution.

ERROR from Rusk. Tried below before the Hon. A. J. Booty.

This suit was brought in 1878 by L. W. Storey, administrator of the estate of Benjamin Fuller, against James W. Flanagan, in trespass to try title to the Russell Williamson league of land. The original application for the grant was referred to William Brockfield, the surveyor, by the commissioner who issued the title. The reference bore date October 9, 1835. The report of survey by Brockfield bore date October 13, 1835, and on the next day the title of possession issued. The plaintiff relied on a deed from the grantee, Williamson, to Benjamin Fuller, bearing date August 9, 1838, which purported to have been acknowledged by Williamson September 6, 1839, and which was filed for record December 20, 1841. An affidavit was filed by Webster Flanagan, the son of the defendant, attacking this deed as a forgery, about which the evidence was conflicting.

The defendant in possession since 1860 claimed title through an instrument bearing date October 14, 1835, at Nacogdoches, which on its face purported to be the act of Frost Thorn, as a substitute attorney for Franklin and E. M. Fuller, the attorneys of Williamson. No power of attorney from Williamson to the Fullers, or from them to Thorn, was produced, but the instrument offered recited on its face that Frost Thorn appeared before the judge of the first instance by whom the deed was executed, and that he was known to him. It described Frost Thorn as "substitute attorney of citizen Russell Williamson of the district of San Augustine, as appears from a judicial power executed this day by citizens Franklin and E. M. Fuller, attorneys of said Russell Williamson, which

power exists in this my court." This instrument purported to be a conveyance of the land to Brockfield, the surveyor. A copy of this instrument was admitted in evidence, certified to by the clerk of the county court of Nacogdoches county as a copy of the original, existing as an archive in his office, without proof of the execution of the original.

On the trial the court charged the jury, in effect, that the power of attorney from Williamson to E. M. and Franklin Fuller could not be presumed from the recitals in the deed executed by Frost Thorn to Brockfield, but that they might ascertain its existence from circumstances. The issue of forgery, made on the deed from Williamson to Benjamin Fuller, was also submitted in the charge, and the jury returned a general verdict for the defendant. To correct the alleged error in the judgment entered on that verdict, the case was brought up by writ of error.

There are many features of the case not necessary to notice, in view of the opinion.

*Nix, Storey & Storey*, for plaintiff in error.

I. A testimonio to be admitted to record must have been acknowledged or proved up and filed for record as other instruments, before a certified copy could have been legally introduced in evidence. This instrument is a certified copy from the clerk's office of Nacogdoches, given by the clerk January 16, 1854; there is nothing to show when the original was filed in that office, or that it was proven up for record. Hart. Dig., arts. 2752, 2757 and 276; R. S., art. 2256; Pasch. Dig., 3717; Watson *v.* Robertson, 15 Tex., 333; Teal *v.* Sevier, 26 Tex., 516; Wood *v.* Welder, 42 Tex., 408; Lambert *v.* Weir, 27 Tex., 359.

II. A copy of a notarial act made from the records of Nacogdoches county in 1854, with nothing to show when the original was made a part of the records of that county, is not admissible in a chain of title to land situated in Rusk county. Hart. Dig., arts. 2760, 2761; R. S., arts. 4333, 2256; Pasch. Dig., 3717.

III. The recitals in this notarial act cannot prove, nor will the law presume, that Russell Williamson executed a power of attorney to E. M. and Franklin Fuller to sell the land, nor that the power, if made, authorized them to substitute another to make the sale and conveyance. Nor will it be presumed that said power of attorney, or either of them, were ever duly recorded or acknowledged or proven for record. Watrous *v.* McGrew, 16 Tex., 513–5.

IV. No presumptions can be indulged not recited in the deed.

This deed does not state or prove that Russell Williamson ever made E. M. and Franklin Fuller his agent to sell his land or to substitute any one else to do so.

V. One presumption cannot for its support rest upon another presumption, and a charge authorizing it is error. There is no allegation or proof that either of the powers of attorney ever existed. The deed made under the latter by Thorn to Brockfield does not recite the existence of the former power from Williamson to E. M. and Franklin Fuller. Its existence is left to be presumed, and this presumption rests alone upon the presumption indulged, that the latter power from the Fullers to Thorn, recited in the deed, did exist. Sulphen v. Norris, 44 Tex., 244; Taylor v. Watson, 26 Tex., 699.

VI. Presumptions are indulged in absence of facts, but never in opposition to facts; and the jury are to be left free to indulge presumptions from all the circumstances, and not told "you will presume its existence," as in this charge. Walker v. Myer, 36 Tex., 252; Paschal v. Dangerfield, 37 Tex., 304; Taylor v. Watson, 26 Tex., 695–8.

VII. The burden of proof to show that the power of attorney from Williamson to E. M. and Franklin Fuller existed was upon the defendant, and when no proof was offered to sustain the existence of such a paper, it was error to submit such an issue to the jury at all, and still more erroneous to tell them that they "may infer it from circumstances." It is error for the court to assume that there are circumstances to show the existence of the power of attorney from Williamson to Fuller. The court correctly charged the jury, 1. That this power of attorney from Williamson to E. M. and Franklin Fuller could not be presumed from the recitals in .Thorn's deed to Brockfield; but in the same subdivision said that they may ascertain its existence from circumstances, and if you are convinced from the circumstances, etc. · This charge also presumed the existence of evidence to show the existence of such a power when no evidence was adduced to show it, and the plaintiff's evidence was emphatic that no such power ever existed. Taylor v. Watson, 26 Tex., 697; Shields v. Hunt, 45 Tex., 428; Fitch v. Boyer, 51 Tex., 348; Scranton v. Tilley, 16 Tex., 194; Garrett v. Chambliss, 24 Tex., 619; Hatch v. Garza, 22 Tex., 187.

VIII. The affidavit of one Webster Flanagan, a stranger to the record, having no connection with this suit, that he believed plaintiff's deed from Russell Williamson to Benjamin Fuller to be forged, could not cast suspicion upon said deed, and did not im-

pose the burden of proving its execution on plaintiff. This deed is more than thirty years old, being dated August 9, 1838, and had been on record in several counties in eastern Texas more than thirty years before the trial. R. S., art. 2257; Garner *v.* Cotton, 49 Tex., 117, 118.

*Jones & Wynne,* for defendant in error

STAYTON, ASSOCIATE JUSTICE.— There were two issues presented to the jury in this cause, the determination of either of which against the plaintiff was decisive of the cause.

These issues were:

1st. Was the deed from Russell Williamson to Benjamin Fuller a forgery or not?

2d. Was the deed to Brockfield by Frost Thorn, who purported to act as substituted attorney in fact for Williamson, the original grantee, made under a power of attorney executed to him by Franklin and E. M. Fuller under a power of attorney to them, executed by Williamson, which authorized such a substitution?

The first of these questions was fairly submitted to the jury by the charge of the court, and whether the jury found against the plaintiff upon this issue or not, we cannot tell from the general verdict for the defendant.

The evidence bearing upon the question of the genuineness of that deed was conflicting, and although we might be of the opinion that the evidence greatly preponderated in favor of its genuineness, we would not be authorized to set aside the verdict of the jury upon that ground, unless it was apparent that the verdict was wrong.

In view of the fact that in this cause a second suit may be brought, comment upon the evidence offered by the respective parties would not be proper.

We fully appreciate the difficulty of bringing direct evidence to prove the genuineness of a deed made forty-four years ago, or to prove that such a deed is a forgery; and in view of such difficulty, the law wisely throws around such instruments many presumptions to sustain them. They are said to prove themselves when they come from the proper custody, and are free from surroundings which justly arouse suspicion; and when they so come, no proof of their execution is required unless oath of belief that they are not genuine is made.

Whether such an oath made in reference to an ancient document ought to shift the burden of proof of its genuineness in all cases,

need not be considered in this case. It would seem that to shift the burden of proof in some such cases, the affidavit should be based upon something more than mere belief, and should be made by some person who has means of knowledge.

Such an oath was made in this case by a person who, in our opinion, under the statute, was authorized to make it.

The parties each brought evidence bearing upon the question, and the jury may have found that the deed under which the plaintiff claimed was not genuine.

If, however, such was not their finding, the judgment could not be disturbed, if they found that the deed to Brockfield was executed under the powers with which that deed upon its face purports to have been executed, for it is the older deed; and while there are averments in the pleadings of the plaintiff, to the effect that Fuller bought the land and paid a valuable consideration therefor, without notice of the conveyance by Williamson to Brockfield, yet there is no proof of these facts.

The deed to Brockfield purports to have been executed on the 14th of October, 1835, and there can be but little doubt of its execution.

The main question in regard to it was, did the power under which it appeared to have been executed actually exist?

In many cases which have been before this court, it has been held that a jury was authorized to presume the existence of a power under which an ancient deed purported to have been executed. Among them are the following cases: Daily v. Starr, 26 Tex., 562; Hooper v. Hall, 35 Tex., 83; Johnson v. Shaw, 41 Tex., 431; Johnson v. Timmons, 50 Tex., 531.

The deed from Williamson to Brockfield contains the following recital, made by the judge of first instance before whom the same was executed: "Appeared in their own persons, whom I declare to know, citizen Frost Thorn of this town, substitute attorney of citizen Russell Williamson of the district of San Augustine, as appears from a judicial power executed this day by citizens Franklin and E. M. Fuller, attorneys of said Russell Williamson (which power exists in this my court), and citizen William Brockfield, and the first party said," etc.

The officer also certifies that the testimonio was also presented to him, and it appears that Franklin Fuller made application for the grant to Williamson.

These facts appearing as they do, in the face of the conveyance made before a qualified officer, and in the face of the grant, taken in connection with the subsequent conveyances and situation of

the parties,— Brockfield being the surveyor who but the day before made the survey upon which the grant on that day issued,— are believed by the majority of the court to be sufficient to have authorized the jury to find that Thorn had the power to make the conveyance. The writer, in view of all the facts of the case, has doubts as to the correctness of this conclusion.

Such being the conclusion, for the reasons before stated comment upon the evidence bearing upon this question will not be indulged.

The charge of the court upon this matter left the question of power, or no power, fairly to the jury, which must have found either that Thorn had power to execute the deed to Brockfield, or that the deed to Fuller was a forgery; or they may have found both of these issues against the plaintiff.

Such being the case, even if we were satisfied that the evidence upon either one of these issues was not sufficient, we could not reverse the judgment; for the plaintiff could not recover if the deed upon which he relied was a forgery, whether Williamson had ever sold or not; and if it was not a forgery, but the deed to Brockfield was executed by Thorn in pursuance of a valid power, then whether the defendant had that title or not, it being the older, would be, as outstanding title, a good defense to the action. Hooper v. Hall, 35 Tex., 87; Johnson v. Shaw, 41 Tex., 435.

We deem it proper to say that the court did not err in admitting in evidence the certified copy of the conveyance to Brockfield.

It was an archive in the office of the clerk of the county court of Nacogdoches county, as certified by him, and a certified copy was admissible without proof of the execution of the original. Pasch. Dig., 3717; Hubert v. Bartlett, 9 Tex., 102; Andrews v. Marshall, 26 Tex., 216; Hooper v. Hall, 35 Tex., 86.

This view disposes of the case, and it is not necessary to consider the various assignments of error which raise questions upon the admissibility of evidence any further.

AFFIRMED,

[Opinion delivered November 23, 1882.]