SEABROOK W. SYDNOR ET AL. V. TEXAS SAVINGS & REAL ESTATE INVESTMENT ASSOCIATION ET AL.

Decided February 26, 1906.

**1.—Ancient deed—Recitals—Evidence.**

A deed was executed by an independent executor who was himself one of the heirs of the testator; the parties to the transaction were dead; the deed was ancient; the recitals in the deed were against the interest of the party making them. Held, whether the independent executor had authority to make the deed or not the recitals in the same were competent evidence.

**2.—Independent Executor—Authority.**

What a regular executor or administrator will be required by a court of probate to do, an independent executor will be authorized voluntarily to do.

**3.—Title—Proof.**

Because one of the links in a chain of title depends upon circumstantial evidence is no reason why subsequent deeds in the chain should be excluded; such deeds are admissible, but their legal effect and sufficiency depends upon the finding by the jury as to the missing link.

**4.—Affidavit of Forgery as Evidence.**

An affidavit that one of the deeds in a chain of title is a forgery is not evidence for any purpose in a suit of trespass to try title.

Error from the District Court of Harris County. Tried below before Hon. W. P. Hamblen.

*J. M. Gibson, Jno. A. Kirlicks* and *Burke & Tarver,* for plaintiffs in error.—The deed from J. T. Cyrus to Francis and Ella Levy was not admissible to show title to the defendants deraigned through the Levys from the sovereign of the soil, standing by itself as a link in the chain of title, and it was not aided by any extrinsic evidence sufficient to show a connection with a chain of title derived from the State. The mere fact that the name of one J. S. Sydnor appeared upon the same, as a witness, and that he appeared and proved the execution of the deed was not such an act as would pass his title or the title of J. S. Sydnor, the ancestor of the plaintiffs, to the Levys. It did not prove, nor was it offered as proof, that the ancestor of plaintiffs had previously made a deed conveying the title to Cyrus. Nor could it have been conclusively presumed that he knew the contents of the deed that he

witnessed. And even if it tended to raise presumptions of this kind, it would have been necessary, before it became admissible, for the defendants to show that said J. S. Sydnor was the ancestor of deceased, and not some other Sydnor or person having the same initials and surname, and that the Levys were innocently led to believe the title was in Cyrus by the ancestor of plaintiffs. Chaddick v. Haley, 81 Texas, 617; Masterson v. Little, 75 Texas, 698; Graham v. Hawkins, 38 Texas, 632; Clapp v. Engledow, 72 Texas, 255.

The fact that the deed of Cyrus to Levys was offered in connection with the deed of J. B. Sydnor, executor, did not make it admissible by reason of the recitals in said executor's deed, as the recitals were made by a party long after the execution of the deed from Cyrus to Levys, and after the plaintiffs' title had vested in the property. The recitals of this executor's deed would be evidence against the claim of John B. Sydnor's heirs to the land to one-seventh interest, should they ever make any such claim, but not as evidence against the brother and sisters of said executor, unless it first be shown that J. S. Sydnor, witnessing the deed, was plaintiffs' ancestor, and that he knew the contents of the deed of Cyrus to Levys, and that said deed was for an adequate cash consideration, and that the deed was not taken by the Levys with the knowledge of the truth of the title of Cyrus, and that Sydnor's act was intended to deceive and defraud. McDonough v. Cross, 40 Texas, 280; Howard v. Johnson, 69 Texas, 659; Lagow v. Glover, 77 Texas, 450; Smithwick v. Kelly, 79 Texas, 569; Scott v. Atchison, 38 Texas, 390; Grinnan v. Dean, 62 Texas, 220; Scarborough v. Alcorn, 74 Texas, 360.

The recitals of the deed being made after the title of plaintiffs had vested to six-sevenths of the land were hearsay, and not admissible without direct proof either of their truth or that they were made with actual knowledge and consent of plaintiffs. Graham v. Hawkins, 38 Texas, 632; Haley v. Gatewood, 74 Texas, 286; Page v. Arnim, 29 Texas, 70; Mayer v. Ramsey, 46 Texas, 371; Giddings v. Butler, 47 Texas, 540; Peters v. Clements, 52 Texas, 143; Scarborough v. Alcorn, 74 Texas, 360; Groce v. Hanks, 57 Texas, 14.

The court erred in overruling the objections of plaintiffs to the reading in evidence to the jury by the defendants, and in permitting to be read to the jury the copy of a deed made by Francis and Ella Levy by their attorney in fact, M. A. Levy, of date March 7, 1870, conveying the land in controversy to Archibald D. Grieff and James Byrnes, of the firm of Grieff & Byrnes, of New Orleans, La.

The deed not being connected with other deeds, which show complete chain of title from the sovereign of the soil to the defendants, was not admissible as evidence, unless adverse possession for five years was claimed under it, and there was no evidence that possession was had under it adversely to plaintiffs' claim of an undivided six-sevenths as cotenants with the defendants.

It was not admissible on account of its recitals, since the recitals in it were of a date long subsequent to the death of J. S. Sydnor, under whom plaintiffs' title vested to six-sevenths of the estate. As to plaintiffs, they were rank hearsay. Grinnan v. Dean, 62 Texas, 220; Mitchell v. Mitchell, 80 Texas, 114.

The court erred in refusing to permit the plaintiffs to read in evidence to the jury the affidavit of S. W. Sydnor, a party plaintiff, that the alleged deed of J. T. Cyrus to Francis and Ella Levy, of date April 24, 1863, was a forged instrument. Johnson v. Timmons, 50 Texas, 535; Jordan v. Robson, 27 Texas, 612.

*Ewing & Ring,* for defendants in error.—The certified copy of the deed, wholly independent of the deed from the executor, John B. Sydnor, and without regard to its being witnessed and proved for record by J. S. Sydnor, was of itself as a link in the chain of title plainly admissible in evidence over the affidavit of forgery, it being duly authenticated for record and of record more than thirty years, and all the statutory prerequisites to its admission having been complied with; and the deed, in connection with the corroborative circumstances, being proved in one of the modes prescribed by common law, and there being no proof offered in support of the affidavit·of·forgery, the existence and contents of the deed stood as an uncontroverted fact. Williamson v. Work, 33 Texas Civ. App., 369, 77 S. W. Rep., 266; Cox v. Cock, 59 Texas, 521, 524; Ehrenberg v. Baker, 54 S. W. Rep., 435, 437; Trinity Co. Lumber Co. v. Pinckard, 4 Texas Civ. App., 671, 676.

That an independent executor may do whatever the court could lawfully authorize an ordinary executor to do, see Carlton v. Goebler, 94 Texas, 93, 97; McDonough v. Cross, 40 Texas, 251, 280.

That while the court might not lawfully authorize an ordinary executor to donate by grant lands of the estate, yet it might lawfully, where only the dry legal title was held in trust by the estate, strike the land from the inventory and authorize the executor to quit all claim, and it might incidentally lawfully authorize the executor (in order, for example, to save the cost of defending a futile suit) to release or quitclaim the dry title so held by deed, or at least to make a declaration of the trust by deed, so as to clear the record, see Sayles' Texas Civ. Stats., arts. 1840, 1973, 1976.

That, at any rate, the declarations, made by the independent executor in the course of his trust, were competent as evidence of non-claim by the estate, see Gillett's Ind. & Col. Ev., secs. 44-45, p. 56, and cases cited; Eckert v. Triplett, 48 Ind., 174, 17 Am. Rep., 735; Texas Tram & Lumber Co. v. Gwin (Texas Civ. App.), 52 S. W. Rep., 112; Grant v. Searcy (Texas Civ. App.), 35 S. W. Rep., 862.

That the recitals were clearly admissible as declarations against interest by the deceased declarant John B. Sydnor, see Greenleaf's Ev., vol. 1, sec. 147 et seq.; McKelvey's Ev., pp. 254 et seq.; Elliott's Ev., vol. 1, sec. 434 et seq.; Wharton's Ev., vol. 1, sec. 226 et seq.

That an instrument, competent in part, is admissible in whole, leaving the objecting party to a charge that only the competent part be considered, see Southern Pac. Co. v. Schoer (U. S. App.), 114 Fed. Rep., 467, 471-472.

That the deed, being competent in part, was admissible in its entirety, see Southern Pac. Co. v. Schoer (U. S. App.), 114 Fed. Rep., 467, 471-472.

That the fact of recitals in ancient instruments is competent as a

circumstance on the issue of lawful origin of title, see Texas Tram & Lumber Co. v. Gwin (Texas Civ. App.), 52 S. W. Rep., 112; McCarty v. Johnson (Texas Civ. App.), 49 S. W. Rep., 1098, 1100-1101; Grant v. Searcy (Texas Civ. App.), 35 S. W. Rep., 861, 863.

That the admission of the recitals was in any event harmless, the truth of same having been independently proved without dispute, see Chicago, R. I. & T. Ry. Co. v. Porterfield, 92 Texas, 442, 444.

That the incompetency in evidence of the affidavit for forgery is plain and settled, see Cox v. Cock, 59 Texas, 521, 524; Ehrenberg v. Baker (Texas Civ. App.), 54 S. W. Rep., 437.

That if the affidavit was competent in evidence to prevent the admission of the copy of the deed, it came too late after the copy had already been admitted, see Mayerick v. Maury, 79 Texas, 435, 440-441, 8 Ency. Pl. & Pr., 317, 223, 245, and cases cited.

That it is competent for the jury, in a case like this, to find by the circumstances, as a presumption of fact, the existence of that which will give lawful origin to the title assailed, such as a grant or release, a power of attorney, a renunciation by a cotrustee, the mechanical execution of a deed under power imposing personal discretion in another, and the existence of a trust arising on parol, see Herndon v. Burnett, 21 Texas Civ. App., 25, 27, and cases cited; Dailey v. Starr, 26 Texas, 562; Grant v. Searcy (Texas Civ. App.), 35 S. W. Rep., 861, 863; Herndon v. Vick, 89 Texas, 469, 475; Garner v. Lasker, 71 Texas, 431, 437; Smith v. Swan, 2 Texas Civ. App., 563; Eskridge v. Patterson, 78 Texas, 420; Bounds v. Little, 75 Texas, 320; Arthur v. Ridge (Texas Civ. App.), 13 Texas Ct. Rep., 449, 452, and cases cited.

That in such case, as a general rule, any fact which is logically relevant is legally relevant, such as the fact of recitals in ancient deeds, or an ancient record of the deed drawn in question, see Simmons v. Hewitt (Texas Civ. App.), 12 Texas Ct, Rep., 750, and cases cited; Grant v. Searcy (Texas Civ. App.), 35 S. W. Rep., 861, 863; Texas Tram & Lumber Co. v. Gwin (Texas Civ. App.), 52 S. W. Rep., 112.

That the holding by J. S. Sydnor of the title in trust for Cyrus might be proved by parol, see Brotherton v. Weathersby, 73 Texas, 471, 473.

That the beneficiary of a trust would have the equitable title, good offensively or defensively in trespass to try title, see Hanrick v. Gurley, 93 Texas, 458, 467; Stafford v. Stafford, 96 Texas, 106, 112.

That J. S. Sydnor's conduct in witnessing the deed to the Levys and proving it for record, if he did so under the circumstances submitted in the court's charge, would estop his heirs or devisees from claiming against any privy of the Levys, see Bigelow's Estoppel, pp. 546, 547, and 610, substantially in the language of the charge; 14 Am. and Eng. Ency. of Law, p. 84; Dooley v. Montgomery, 72 Texas, 429-432.

REESE, ASSOCIATE JUSTICE.—This is a suit in trespass to try title brought by Seabrook W. Sydnor and others, heirs of J. S. Sydnor, against the Texas Savings and Real Estate Investment Association, George E. Chase, J. J. Scholl, J. V. Formy and Joseph Suezmooth to recover a certain tract of land described as block 29 of the Holman Addition to the city of Houston.

In their original petition plaintiffs claimed title as heirs of J. S.

Sydnor, deceased, but by amended petition they set up also title derived since the filing of the suit by purchase from heirs of Mosely Baker, who as assignee of James S. Holman, was the original patentee of the land, and they also made defendants certain other parties, heirs of said Mosely Baker. These last named parties also filed their plea in intervention, setting up their ownership of the land as heirs of Mosely Baker.

Defendants replied to petitions of both plaintiffs and intervenors by pleas of not guilty, and of five and ten years limitation, and improvements in good faith, and also pleaded their title in reconvention against all parties.

To the defendants' plea of the statute of limitations plaintiffs replied pleading disability of coverture of Mrs. Sallie Baylor and Mrs. Kate S. Hopff, two of the plaintiffs.

Upon trial before a jury there was a verdict in favor of the original defendants herein named, upon which judgment was rendered against plaintiffs and intervenors and in favor of said defendants upon their cross bill for the land sued for.

Plaintiffs filed a motion for new trial which was overruled, and they bring error. Intervenors have not appealed.

The facts are as follows: The tract of land in question is a part of the James S. Holman third of a league which was patented to Mosely Baker, assignee of Holman, in 1845. The survey was subdivided into lots and ten acre blocks the same year. Mosely Baker conveyed, among other of said ten acre blocks, the block (29) in controversy to Wm. B. T. Batterson, May 12, 1845. This deed was recorded May 26, 1845, in the deed records of Harris County, Texas. The trial court held that the certificate of acknowledgment was insufficient to entitle the deed to be registered, but admitted the original record in evidence as a circumstance along with other evidence to prove the execution of the deed as against the intervenors, heirs of Mosely Baker, who have not appealed from the judgment. The record aforesaid, as proof of the execution of this deed, was offered by both plaintiffs and defendants, plaintiffs also claiming under the deed, so no question can be made on this appeal of the proper execution of this deed.

The property was conveyed by Batterson to Chauncey B. Sabin, June 1, 1858, and Sabin to John S. Sydnor, the ancestor of plaintiffs, on August 23, 1862. Sabin has been dead many years. John S. Sydnor died in 1869. The plaintiffs are six of the seven children who survived him and are his heirs at law and devisees under his will. The other child, John B. Sydnor, has also been dead many years. The property was next conveyed by one J. T. Cyrus on April 24, 1863, to Francis and Ella Levy, which deed was recorded May 8, 1863. This deed is signed by John S. Sydnor and Robert Black as witnesses and is proved for record by both of them. The Levys conveyed to A. D. Grieff and James Byrnes, March 7, 1870, by deed recorded March 8, 1870. From Grieff and Byrnes the property has come through several mesne conveyances, all properly executed and duly recorded, to defendants. The missing link in the chain of title between the deed from Sabin to J. S. Sydnor in 1862, and the deed from J. T. Cyrus to Francis and Ella Levy in 1863 is filled in by circumstantial evidence tending to show

that the beneficial title and real ownership under the deed from Sabin to Sydnor was in Cyrus, and also by a deed from John B. Sydnor, oldest son and independent executor of the will of John S. Sydnor (who had died in 1869) of date March 1, 1870, and duly recorded March 8, 1870. This deed, for a recited consideration of $10 and the facts recited in the deed, conveyed the land in controversy to Francis and Ella Levy, and has the following recitals: ·

"Whereas, heretofore, to wit, on the 23d day of August, 1862, Chauncey B. Sabin executed a conveyance to Jno. S. Sydnor, of and for the tract of land hereinafter described; said deed is recorded in Harris County record of deeds, book Z, p. 287; and whereas said Sydnor held said land, not for himself, but in trust for one J. T. Cyrus; and whereas thereafter, to wit, on the 24th day of April, 1863, said Cyrus conveyed the said land to Francis and Ella Levy, as will be seen by reference to the deed made by Cyrus, which deed is recorded in Harris County aforesaid, in record of deeds, vol. 1, pp. 67-68; said deed is witnessed by Jno. S. Sydnor (by the name of S. S. Sydnor) and by Robt. Black."

It was proven that John S. Sydnor died in 1869 and was, at the time of his death, making his home with John B. Sydnor, who was his oldest son, and with whom he had been at one time in business as partners. John S. Sydnor left a will whereby he devised his estate to his seven children, being the plaintiffs and the said John B. Sydnor, and John B. Sydnor was named as independent executor without bond, of his estate and qualified as such. John B. Sydnor died in 1875, being about 45 years of age when his father, John S. Sydnor, died, and was shown to have been a man of high character for integrity, and a careful business man. J. T. Cyrus was a resident of Houston where John S. Sydnor lived, in 1862, when the deed was made by Sabin to Sydnor. George Goldthwaite, the notary public before whom the deed from Cyrus to the Levys witnessed by John S. Sydnor and Robt. Black was proven for record and who is dead, is shown to have been a man of scrupulous integrity and honor, and a personal friend of the Sydnor family. The executor of John S. Sydnor filed an inventory of the property of the estate in which the land in controversy was not included. Seabrook W. Sydnor, one of the plaintiffs and son of John S. Sydnor, has lived in Galveston and Houston since his father's death in 1869, having lived in Houston the last ten years. He was about 25 years of age at the time of his father's death. None of the heirs of John S. Sydnor have ever exercised any acts of ownership over or paid taxes upon this land, or asserted any claim to it until the filing of this suit, and were led to institute this claim by having their attention called to the fact that there was no deed from their father by some one who had examined the title about the time this suit was filed. There has been continuous assertion of ownership by those under whom defendants in error claim, evidenced by payment of taxes since 1873, and by a long chain of conveyances of different parcels of the land, which was subdivided in 1890 into lots, and the map of such subdivision duly recorded. The tract is in the residence portion of the city of Houston and much of it covered by residences.

It was proven that S. K. McIlhenny and T. H. Scanlan, who were

successively the owners of the property in defendants' chain of title, during the years from 1884 to 1890 inclusive, holding the same under recorded deeds, occupied, used and enjoyed the property continuously and paid taxes thereon during that time. The improvements on the property during this time consisted of a two story house and some fencing, that is, part of the lot was under fence in connection with the house which was occupied by tenants, first of McIlhenny, the owner, and afterwards of Scanlan, to whom McIlhenny sold. There is some conflict in the evidence as to the occupation of the lot, but the evidence of such occupation and use from 1884 to 1890 is strong, clear and positive, while the rebutting evidence is weak, indefinite and uncertain.

Mrs. Baylor, one of the plaintiffs, was during all of this time and from 1860 up to this date under disability of coverture and her right is not barred by limitation.

The trial court held that the deed from John B. Sydnor, executor, was not valid as a conveyance of the title of John S. Sydnor, for want of authority in the executor to make such a deed, but admitted it in evidence as to the recitals therein to the effect that John S. Sydnor held the legal title for the benefit of J. T. Cyrus, as a circumstance tending to establish that fact, along with other circumstances in evidence. None of the objections urged by plaintiffs in error to this action of the court can be sustained. The deed was shown to have been executed by John B. Sydnor, independent executor of the will of John S. Sydnor in 1870. Every fact and circumstance in connection with the title of this property, since that date, and up to the filing of this suit, is shown to have been consistent with the claim of title under the deed from Cyrus to the Levys and the recitals in the deed of John B. Sydnor, executor, and inconsistent with any claim of title on the part of plaintiffs in error.

Even if it be conceded that the deed was not of itself a valid conveyance, which the executor was authorized to make, the recitals were admissible to establish the truth of the facts recited. The deed was ancient, the parties to the transaction were dead; the recitals were against the interest of the party making them, as he was one of the heirs of John S. Sydnor, and are consistent with every known fact connected with the title. (Eskridge v. Patterson, 78 Texas, 420; Grant v. Searcy, 35 S. W. Rep., 862; Simmons v. Hewitt, 12 Texas Ct. Rep., 750; McCarty v. Johnson, 20 Texas Civ. App., 187, 49 S. W. Rep., 1098.)

If J. S. Sydnor held the legal title under the deed from Sabin to him in trust and for the benefit of Cyrus, we think that upon the death of J. S. Sydnor his independent executor under the will would have been authorized to convey to Cyrus or to his vendees this legal title. There can be no doubt that in such case an executor or administrator acting under the orders of a Probate Court could be required to convey the legal title, and it is settled law that what a regular executor or administrator will be required by a court of probate to do, an independent executor will be authorized voluntarily to do.

It is also settled law that the recitals of a power under which an ancient deed purports to have been executed is evidence of the existence of such power as, for instance, the recital that the deed is executed under a power of attorney. A power of attorney would have no more

force as authorizing the execution of a deed than, in the present case for instance, the fact that J. S. Sydnor held only the legal title in trust for Cyrus. Under the application of these principles it would seem clear, not only that the recitals in the deed of J. B. Sydnor, executor of J. S. Sydnor, were admissible as evidence of the existence of the facts recited, but that those facts being established, the power of the executor to execute the deed would follow. (Johnson v. Shaw, 41 Texas, 434; Storey v. Flanagan, 57 Texas, 654; Johnson v. Timmons, 50 Texas, 535.)

The recitals in the executor's deed of the existence of the facts which authorized its execution are the equivalent of the recitals in a deed purporting to have been executed under a power of attorney, of the existence of the power, and, in the one case as well as the other, such recitals, if the deed is an ancient instrument, are admissible to establish the existence of the facts recited.

We need not go further in the present case, for proof of the existence of the facts recited establish Cyrus's title as fully as the deed of the executor could do.

There was no error in admitting in evidence the deed from J. T. Cyrus to Francis and Ella Levy. It was a link in the chain of title of defendants in error, not sufficient it is true, without evidence of title in Cyrus, to take the title out of the heirs of John S. Sydnor, but this objection goes to its weight and legal effect and not its admissibility. It was further admissible in connection with the evidence that it was witnessed by John S. Sydnor in whom plaintiffs in error claim the title lay, and was proven for record by him before George Goldthwaite, shown to have been a man of scrupulous integrity and a personal friend of the Sydnor family. We attach no weight to the fact, as recited in the deed of John B. Sydnor, executor, that the name of the witness was written S. S. Sydnor, or to the suggestion that there might have been some other person not the ancestor of plaintiffs in error of the name of J. S. Sydnor who witnessed the deed. It appears reasonably certain, from all the evidence, that the J. S. Sydnor who signed this deed as a witness was the ancestor of plaintiffs in error under whom they claim.

There was no error in admitting in evidence, over the objection of plaintiffs in error, the deed from Francis and Ella Levy to Grieff and Byrnes. This was a necessary link in the chain of title of defendants in error, dependent for its force and sufficiency to pass the title, like the deed of Cyrus to the Levys, upon other facts to be established to show title in Cyrus. The objection to this deed was that "it was not connected with any evidence showing title in a common source with plaintiffs, or from the sovereignty of the soil." This objection goes to the legal effect and sufficiency of the deed and not its admissibility.

This deed, executed in 1870 and recorded at once, also contained the following recitals: "Being the same land conveyed by C. B. Sabin to John S. Sydnor by deed recorded in book Z, page 287, of Harris County records and by J. T. Cyrus to us by deed recorded in Harris County, volume 1, page 67-8. (Said last mentioned deed is witnessed by John S. Sydnor.)" Objection was also made to the admission of the deed

in evidence on account of these recitals. The objection is without merit. The recitals were a part of the deed, and besides, the fact recited is abundantly established by the deed itself from Cyrus to the Levys properly in evidence.

Plaintiffs offered in evidence and proposed to read to the jury, as part of their evidence in rebuttal, affidavit of S. W. Sydnor that the deed from Cyrus to the Levys was a forgery, which was, on objection of defendants in error, excluded. There was no error in this ruling. The affidavit was made under the statute for the purpose of requiring defendants in error to prove the execution of this deed which, without the affidavit, would have been sufficiently proven by the certified copy of the properly recorded deed. It was not evidence for any purpose. (Cox v. Cock, 59 Texas, 524; Ehrenberg v. Baker, 54 S. W. Rep., 437.)

The refusal of the court to give a requested charge upon the issue of estoppel arising from John S. Sydnor's signing as a witness the deed from Cyrus to the Levys is assigned as error. There is no statement from the record in connection with this assignment and the assignment will not be considered. An examination of the court's charge, however, shows that the issue of estoppel was fully and fairly presented upon the grounds presented by the requested charge. Under this charge the jury could not have found in favor of defendants in error on this issue unless they believed that J. S. Sydnor when he witnessed the deed knew its contents.

There are several assignments of error to the refusal of requested instructions and to portions of the charge of the court. All of the requested charges refused, if they embody correct propositions of law and applicable to the facts of the case, are embodied in the court's charge. The charge of the court contains a full, clear and explicit statement of the propositions of law applicable to every issue raised by the pleadings and evidence. No part of it is subject to the objection that controverted facts are assumed to have been proven, or that it is upon the weight of the evidence.

We have examined the record very carefully. Upon the undisputed facts, as shown, the jury could not reasonably have come to any other conclusion than that John S. Sydnor held the title to the property in question for the use and benefit of J. T. Cyrus, a trust which as an honest man he never intended to repudiate, and which his executor as another honest man intended by his deed to the Levys to carry out. It is not reasonably conceivable that Cyrus would have gone to John S. Sydnor to witness the deed which he executed to the Levys if in fact Sydnor himself claimed the title to the property, or that John B. Sydnor would have executed the deed to them, with the recitals of the beneficial ownership of Cyrus, unless these facts had been known to him to be true. These recitals show that he knew of the property, and of the deed to his father. Notwithstanding this, in the inventory filed by him as executor and sworn to contain a full statement of all of the property of the estate, he does not include this property, which fact can be reasonably explained only upon the hypothesis that, as recited by him in the deed, the deed from Sabin to John S. Sydnor was for the benefit of Cyrus, and Sydnor had no real interest in the property.

These facts taken in connection with the possession and active assertion of ownership under the title of Cyrus, and the non-assertion of claim by the heirs of Sydnor for more than thirty years, establish with such overwhelming force the claim of defendants in error, that no other verdict could have been properly rendered upon the facts.   In addition to all of this, except as to the claim of Mrs. Baylor who was under disability, defendants in error made out, sufficiently to entitle them to a verdict on this issue alone, a title by limitation under the five years statute.

We find no error in the record and the judgment is affirmed.

*Affirmed.*

Writ of error refused.