## WALLACE AND CAVE, EXECUTORS, v. J. H. SHAPARD.

### Decided April 14, 1906.

**1.—Purchaser Pendente Lite—Judgment.**

The purchaser of a claim pending a suit upon the same, intervened in the suit and asserted ownership; this assertion was admitted by the plaintiff. Afterwards the purchaser withdrew her intervention and judgment was rendered in the name of the plaintiff. Held, such judgment was proper.

**2.—Contract for Commissions—Evidence.**

Plaintiff was employed by nonresidents to sell certain lands in this State. The contract was evidenced by two letters. In the letter from the defendants to the plaintiff they say: "Your commission on this trade is to be five percent, and it is payable out of the first moneys collected from Mr. Baker or from his vendees. We would prefer that you take your commission out of the purchase price in proportion to the payments and as the payments are made." There was nothing in plaintiff's reply to indicate that he acceded to the preference expressed in defendant's letter as to the manner of payment. Held, that plaintiff was entitled to the entire amount of his commission out of the first money collected.

**3.—County Court—Duty to Give Written Charge.**

Under art. 1316, Rev. Stats., as amended in 1903, it is the duty of the

County Court to give a written charge to the jury unless the parties expressly waive it.

Appeal from the County Court of Brazoria County. Tried below before Hon. A. E. Masterson.

*Bryan & McRae,* for appellants.—That Shapard could not recover without alleging that he was suing for the use of Mrs. Bartlett. Texas & Pac. Ry. v. Levine, 29 S. W. Rep., 514; East Line & R. R. Ry. v. Hall, 64 Texas, 615; Harris Co. v. Campbell, 68 Texas, 22; Cleveland v. Heidenheimer, 92 Texas, 108.

That Shapard could not recover commission if the land was not paid for. Burnett v. Edling, 48 S. W. Rep., 776; Gresham v. Galveston Co., 36 S. W. Rep., 796; Mechem Agency, sec. 610-611.

*J. H. Shapard, Ed. S. Phelps* and *Louis C. Phelps,* for appellee.—The undisputed evidence shows that, after the institution of this suit, Shapard, in order to secure his indebtedness to Mrs. Bartlett, transferred to her this cause of action, while this suit was pending, and she took the transfer subject to the results of this litigation and appellants are fully protected against her by the judgment rendered in favor of appellee, and it would have been error for the court to have instructed verdict for appellants. Matthews v. Roydstun, 31 S. W. Rep., 817; Cleveland v. Heidenheimer, 44 S. W. Rep., 551; Texas W. Ry. Co. v. Gentry, 8 S. W. Rep., 101; Allen v. Pannell, 51 Texas, 168; Hudson v. Morriss, 55 Texas, 603; East Texas Fire Ins. Co. v. Coffee, 61 Texas, 290.

The evidence proved conclusively that appellee's commission on the trade was to be 5 percent and that it was to be payable out of the first moneys collected from Mr. Baker or from his vendees and that some money was collected and reconveyances of the land taken for balance, and the judgment rendered for appellee was just and proper. Kennedy v. Clark and Tankersley, 1 White & Willson, sec. 842; Burns v. Hill, 2 Willson, sec. 523.

It appearing that appellants had no valid defense to appellee's cause of action, the court's failure to charge the jury in this cause was harmless error, if error at all. Berry v. Texas & N. O. Ry. Co., 10 S. W. Rep., 726; Metzger v. Wendler, 35 Texas, 377; Odom v. Woodward, 74 Texas, 41.

GILL, CHIEF JUSTICE.—This suit was brought by J. H. Shapard against George C. Wallace and William E. Cave as independent executors of the will of B. H. Wisdom, deceased, to recover commissions alleged to have been earned by him under a contract to sell real estate belonging to the estate of the decedent. A trial by jury resulted in a verdict and judgment for plaintiff for the sum claimed by him, and defendants have appealed.

The facts pertinent to this appeal are as follows: Wallace and Cave were the independent executors of the will of B. H. Wisdom, deceased. They authorized Shapard to sell certain real estate to Baker, Lewis and Quaid at $20 per acre, and to take their vendor's lien notes therefor due

in one, two, three and four years with 8 percent interest. Shapard consummated the sale according to the stipulated terms, and Wallace and Cave executed and delivered the deeds. The contract for Shapard's commissions is evidenced by two letters in terms as follows:

"Paducah, Ky., April 4, 1899.

"Mr. J. H. Shapard, Columbia, Texas.

"Dear Sir: Your letters of March 31 received, stating a proposition from Mr. Baker of the rice company to buy all of the 1,500-acre Groce tract lying north of Bastrop Bayou, commencing at dotted line "A," on the enclosed plat at $20 per acre. We are willing to accept the proposition and have so advised Mr. Baker by telegram of this date. But we wish you to distinctly understand, so that there can be no trouble hereafter on the subject, that your commission on this trade is to be five percent and it is to be payable out of the first moneys collected from Mr. Baker or from his vendees. We would prefer that you take your commission out of the purchase price in proportion to the payments and as the payments are made. That is to say, out of the first payment you take your commission to that extent and so on as to the others as they are paid, there being no cash consideration in this deal." Then follow minute instructions as to how the trade was to be closed and the papers prepared, and this further expression bearing on commissions: "We understand that we are to be at no expense whatever in this deal except for your commissions as above set out."

To this Shapard replied of date April 7, 1899:

"Mr. George C. Wallace,

"Dear Sir: Your letter of April 4 received relative to the sale of land to the rice men. It may take some time to get this trade closed as some of the parties are yet in Louisiana, but this trade will date with your letter and your instructions shall be carried out to the letter. This land cost Mr. Wisdom $1.50 per acre. Besides, if the rice is a success, it will increase the price of what you still own. If it should fail you get your land improved. They can't get the land until it is paid for."

Shapard sold the land as instructed. On account of the floods of 1899 and the storm of 1900 Baker's enterprise was a failure, and being unable to pay any of the notes he, with the consent of the executors, sold a part of the land to J. C. Walker on deferred payments, the notes being delivered to the executors, and in consideration of the remission of interest surrendered the remainder of the land.

Walker has paid over $3,000, but is probably unable to pay any more, and the lands are worth less than the total of the sum for which they were sold to Baker. When Walker paid the $3,000, Shapard demanded his commission on the original purchase price, which amounted altogether to $821. The defendants paid him $100, and refused to pay him more on the ground that his commissions were payable only as the money was paid in and in proportion to the amount paid in. Thereupon Shapard sued.

Mrs. Bartlett intervened in the suit on the ground that Shapard had assigned the claim to her to secure a debt due by him to her, and Shapard admitted the truth of the allegation. The claim was thus

assigned after this suit was brought. Mrs. Bartlett afterwards, by permission of the court, withdrew her intervention.

The first point made against the judgment is that it was error to render judgment in favor of Shapard in any event, he having admitted in his pleadings that he had assigned his claim to Mrs. Bartlett.

The point is without merit. Mrs. Bartlett was a *lis pendens* purchaser and the suit was properly conducted in the name of Shapard. The judgment is a complete bar to any claim on the part of Mrs. Bartlett, and the appellants have nothing to complain of in this respect.

The two other points made are: First. That the facts do not support the judgment. Second. The court erred in failing to give any charge to the jury.

The record excludes the idea that there was ever any personal interview between Shapard and the executors, and it conclusively appears that the contract for commissions was evidenced alone by the letter of Wallace of April 4, and that of Shapard of April 7 in reply. From these it is perfectly clear that in terms free from ambiguity and expressly designed to be specific Wallace bound the executors to pay Shapard's commissions out of the first moneys received. Later on in the letter the wish is expressed that proportionate commissions be paid as each payment is received, but it is no more than the expression of a wish and does not even rise to the dignity of a proposition. Nor is there anything in Shapard's reply to indicate that he acceded to the expressed wish. For some unexplained reason the letters of Shapard to which that of April 4 is in reply were not introduced in evidence by defendants. Wallace testified by deposition in response to interrogatories propounded by plaintiff and swore that the trade between him and Shapard was that the 5 percent should be paid out of the money as received. He states explicitly, however, that the agreement is embodied in the letters of April 4 and 7, 1899, and what he states otherwise is his construction of those letters.

We think there is but one conclusion to be drawn from the letter of April 4, and that accords with the theory of plaintiff. The sum of $3,000 having been collected, he was entitled to his judgment for the entire amount of his commissions.

The trial court, proceeding upon the theory that he was not required to charge the jury generally and need give only such proper charges as were requested by the parties, gave the jury no charge at all, to which action the defendant excepted at the time.

We call attention to the fact that article 1316 of the Revised Statutes was amended in 1903, whereby the duty appears to be imposed upon the court to charge the law of the case to the jury unless the parties expressly waive it. (Sayles' Supp., p. 154.) However, as no other judgment could have been properly rendered on the facts the errors of the court in failing to give the jury any charge is therefore immaterial.

The judgment is affirmed.

*Affirmed.*