## LUKER et al. v. ANDERSON et ux.
### (No. 479.)

Court of Civil Appeals of Texas. Eastland.
Sept. 28, 1928.

Rehearing Denied Oct. 26, 1928.

Joe H. Jones, of Eastland, and J. L. Alford, of Rising Star, for appellants.

Owen & Owen, of Eastland, for appellees.

HICKMAN, C. J. This suit was instituted by H. C. Anderson and wife, G. A. Anderson. for the purpose of removing cloud from title by canceling certain mineral deeds appearing of record in Eastland county, purporting to convey undivided interests in the minerals under a tract of land owned and occupied by them as their homestead. The mineral deeds attacked in their petition were four in number. Two of them were dated March 4, 1918,

each of which conveyed an undivided one thirty-second interest in their mineral rights; the grantee in one of these deeds being A. F. Luker and the other being W. E. Tyler. The other two deeds were dated August 7, 1918, conveying to the said grantees each an undivided one-fourth interest in the minerals on and under the said tract of land. Various grounds for the cancellation of these instruments were pleaded; one of the grounds being that they did not execute them or authorize their execution. The appellant E. D. Pouch was made defendant as the owner under the Tyler deed. J. T. Gardner, who did not join in the appeal, was made defendant as the owner of one-half of the Luker interest.

It appears from the facts given in evidence at the trial that at the time of the execution of the first two deeds appellees did not have title to all of the land, but certain probate proceedings were necessary to vest in them full title thereto. There is no question but that appellees executed these first two deeds. According to appellants' testimony, the purpose in having the second two deeds executed was to make more certain their title under the first deeds, since appellees had acquired full title to the property after the execution of the first deeds and prior to the execution of the second deeds. It does not appear why the second deeds did not recite that they were executed in lieu of the first ones so as to disclose that appellants were not claiming the interests conveyed by both sets of deeds.

The case was tried before the court without the aid of a jury, and judgment was entered canceling the deeds of August 7th and establishing the validity of the deeds of March 4th. Upon the request of appellants, findings of fact and conclusions of law were filed in the trial court. Appellants did not appeal on the findings of fact alone, but brought to this court a statement of facts, and here challenge the findings as being contrary to the uncontroverted evidence. Luker and Pouch only appealed.

■ The first assignment of error presents that the finding of fact by the trial court that appellees did not execute the deeds of August 7, 1918, is against the uncontroverted and uncontradicted testimony adduced in the trial of the cause. The assignment does not present the question of the great weight and overwhelming preponderance of the testimony, but only the question that there was no evidence to support this finding of the court. This assignment must be overruled. Mrs. Anderson testifies positively that she did not execute these deeds. The testimony of Mr. Anderson is not so convincing, but he likewise denies execution.

■ Another assignment challenges the findings and conclusions of the trial court on the ground that the evidence establishes conclusively that appellees ratified and confirmed the deeds and were estopped by their acts to question their validity. This contention is based largely upon the terms of an oil and gas lease executed by appellees on May 24, 1926, to G. C. Barkley, in which was the following recital:

"It is understood that the lessors herein own only an undivided one-half interest in and to the oil, gas and other mineral rights in and under the land herein described, and the rentals and royalties due and to be paid under the terms of this lease shall be paid in proportion to said interest."

This language within itself does not work an estoppel. There is no recognition therein of the ownership of a one-half interest in these minerals by appellants. It does not negative the possibility that there were other owners of interests besides the parties to this suit. Even had the recital been to the effect that appellants owned a one-half interest in the minerals, still such recital would not have estopped appellees from interposing the plea of non est factum, because appellants were not caused to change their position by this recital in the subsequent lease and were in no manner injured thereby.

■ The contention of appellants that appellees' cause of action was barred by the statute of limitation must be overruled. The injury from a cloud on title is continuing, and the cause of action for its removal is likewise continuing and never barred while the cloud exists. Texas Co. v. Davis, 113 Tex. 321, 254 S. W. 304, 255 S. W. 601.

■ ■ Another assignment presents that appellant Pouch was an innocent purchaser for value of the interest claimed by him in these minerals, without any notice of any infirmity or defect in his title thereto, and as such should be protected. It is well settled that the protection afforded an innocent purchaser has no application to one purchasing under a deed not executed or authorized by the alleged grantor. This assignment is overruled. Abee v. Bargas (Tex. Civ. App.) 65 S. W. 489; Alamo Trust Co. v. Cunningham (Tex. Civ. App.) 203 S. W. 413.

■ Still another assignment presents that Gardner was protected as an innocent purchaser. This assignment cannot be considered, for the reason that Gardner is not before this court. He did not appeal from the judgment of the trial court. However, if considered, it could not be sustained, for the reason above given in disposing of a like assignment by appellant Pouch.

No error of the trial court affecting its judgment is presented by any of the assignments of appellants, and an affirmance of the case is therefore ordered.

Affirmed.

### On Rehearing.

■ In their motion for rehearing, appellants insist that an assignment of error that there was no evidence to support a fact finding included within its scope an assignment that the finding was against the great

weight and overwhelming preponderance of the evidence.

This court certified this identical question to the Supreme Court in the case of Hall Music Co. v. Robinson (Tex. Com. App.) 1 S.W. (2d) 857, and the answer of the Supreme Court to the certificate was to the effect that one assignment was a question of law and the other a question of fact, and that therefore the greater did not include the less.

It is argued in the motion for rehearing with much reason that the intention of the vendors when they executed the deeds of March 4th was to convey to the vendees one-half of their mineral interest in their lands. We agree that the evidence would support that conclusion, but that fact was not before us for consideration. Appellants might have been entitled to have the deeds of March 4th so reformed as to convey together a one-half interest instead of a one-sixteenth interest, but that relief was not prayed for. The fact that the deeds of March 4th did not convey as great an interest as was intended does not justify us in holding that the deeds of August 7th were executed by the vendors, in the face of a holding by the trial court, supported by testimony, that the vendors did not execute these deeds.

We have carefully considered the motion for rehearing, but are of the opinion that it should be overruled.